**Merissa D. BRINDISI, et al.,
Plaintiffs–Appellants,**

v.

**Joe REGANO, et al., Defendants–
Appellees.**

**No. 00–3140.**

United States Court of Appeals,
Sixth Circuit.

Oct. 5, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiff Merissa Brindisi (through her father and next friend, Rick Brindisi), seeks a spot on the junior varsity basketball cheerleading squad. In addition to injunctive relief she seeks compensatory and punitive damages. Plaintiff alleged gender discrimination, violation of due process, and equal protection rights, violation of Title IX, deprivations of entitlement to a public education, and intentional infliction of emotional distress. At an evidentiary hearing on her motion for a preliminary injunction (merged, by agreement, with a hearing on a permanent injunction), defendants moved for judgment as a matter of law. The court granted the motion and dismissed the case with prejudice.

We agree with the district court that there was no sex discrimination, no violation of plaintiff's liberty or property interest or her equal protection rights, and because she has no individual claim under Title IX and has not been deprived of a public education, we affirm those judgments as well. Plaintiff does not appeal the ruling on intentional infliction of emotional distress.

The district court made findings of fact and conclusions of law following the evidentiary hearing and dismissed plaintiff's claim for injunctive relief. We review the district court's legal conclusions *de novo*. *South Central Power Co. v. IBEW, Local Union 2359*, 186 F.3d 733, 737 (6th Cir. 1999). We review the court's findings of fact for clear error under Rule 52(a).

The district court found that Merissa's final score in the tryouts was based on three criteria. First, the candidates were evaluated by outside judges as to their skills as cheerleaders. The judges could award up to 325 points. Second, the candidates were evaluated by their teachers as to their demeanor in the classroom, up to a maximum of 45 points. Third, they were evaluated by the coach up to a maximum of 30 points. The three scores are totaled and the eight candidates with the most points are selected. Merissa's scores as to her skills as a cheerleader were higher than some of the scores of those selected. She failed to be selected because her teacher evaluations scores were poorer than those of her competitors. Only two teachers returned evaluations on her. The evaluations are returned anonymously. For Merissa, they averaged 28. The evaluations were not retained.

The district court held that plaintiff has no property interest in becoming a cheerleader and so no interest protected by the Due Process Clause. Further, the court found that even if she did have a cognizable interest, she was not arbitrarily excluded from the squad and that there was no evidence from which to infer the evaluation forms were not properly completed or completed by persons not her classroom teachers. The district court also found no equal protection violation. She was treated the same as all other cheerleaders. It also found no violation of Title IX because persons participating in cheerleading and boys' sports are not similarly situated and not to be compared. And boys' sports and girls' sports are treated the same.

510

On appeal, plaintiffs raise four issues. First, whether the district court properly concluded that cheerleading was not a sport. Second, whether for the equal protection claim the court should have compared her to other athletes rather than merely to other cheerleaders. Third, whether there was a rational basis to distinguish between athletes and cheerleaders with the use of teacher evaluations. Fourth, whether injunctive relief should have been granted.

■ Plaintiffs sought to have cheerleading treated as a sport to benefit from those cases which have held that participation in an interscholastic sport is a property right, which would enable her to argue that the use of anonymous teacher evaluations constitute an arbitrary and capricious denial of that right and therefore violated her substantive due process rights. While there are many arguments pro and con on why cheerleading should be considered a sport,[1] we need not decide that issue here because Merissa has neither a liberty nor a property interest in interscholastic athletics subject to due process protection. *Poling v. Murphy*, 872 F.2d 757, 764 (6th Cir.1989); *Hamilton v. Tennessee Secondary School Athletic Assoc.*, 552 F.2d 681, 682 (6th Cir.1976). The preponderance of federal district courts considering the issue have held that "[t]he opportunity to participate in extracurricular activities is not, by and in itself, a property interest." *Pegram v. Nelson*, 469 F.Supp. 1134, 1139 (M.D.N.C.1979); *see Wooten v. Pleasant Hope School Dist.*, 139 F.Supp.2d, 835 (2000); William D. Valente, *Education Law* 167 (1985).

While plaintiffs urge us to follow those cases which have found some protected interest in continued participation in interscholastic sports, *see, e.g., Boyd v. Bd. of Directors*, 612 F.Supp. 86 (E.D.Ark.1985), *Duffley v. New Hampshire Interschl. Athletic Ass'n*, 122 N.H. 484, 446 A.2d 462 (1982), we are bound by our precedent. (Plaintiff is not complaining based on her removal from the cheerleading squad but of her failure to be selected).

■ We agree with the district court that plaintiff has no claim under Title IX. There is no allegation of intentional discrimination and she has no individual adverse impact claim under Title IX. *See Alexander v. Sandoval*, 531 U.S. 1049, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (no adverse impact claim under Title VI, a sister statute of Title IX). We also agree that because potential male cheerleaders could also be subject to teacher evaluations there is no Equal Protection Violation. We cannot require that selection processes for extracurricular activities be uniform. Teachers may know which potential cheerleader candidates are most effective in drawing out the best from their schoolmates, that is, what candidates have the required attitude, character and comportment to appeal to the student crowds and encourage sportsmanship. Unlike the athletes on the field, cheerleaders are primarily involved in working with the crowd and only secondarily in competing with the opposing team's cheerleaders.

For the foregoing reasons, we affirm the judgment of the district court denying the

---

**1.** Cheerleading is probably as much a sport as those more traditionally conceived like football and soccer. *Fontes v. Irvine Unified Schl. Dist.*, 30 Cal.Rptr.2d 521, 524 (1994). Cheerleading is more dangerous, in terms of serious injuries per minute of participation, than all but two mens' high school sports. *See American Cheerleader* <http://www.americancheerleader.com> (visited July 10, 2001). Cheerleading requires the strength and agility of gymnastics. Cheerleaders compete in national and even international competitions.App. at 438. The internet portal yahoo.com lists "cheerleading" under its category "sports."

permanent injunction and dismissing plaintiff's complaint.